IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY SESSION, 1998

FILED

September 3, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9709-CC-00390 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | |
| | ) | HON. JIM T. HAMILTON |
| VINCENT WALKER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FOR THE APPELLANT:

SHARA FLACY
District Public Defender
128 North 2nd St.
Pulaski, TN 38478

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MIKE BOTTOMS
District Attorney General
P. O. Box 459
Lawrenceburg, TN 38464

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

On January 6, 1997, the trial court issued a community corrections violation warrant for failure to pay court costs, fines, supervision fees, and maintain employment. On May 5, 1997, a second revocation warrant was issued, this time for aggravated robbery. On June 2, 1997, the trial court revoked Appellant's community corrections placement and imposed his original sentence of incarceration.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

Appellant raises the following issues on appeal: Whether the trial court should have waited to rule on the second warrant until Appellant was tried for the charge, and whether there is substantial evidence to support the trial court's decision to revoke Appellant's probation.

"The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant." Tenn. Code Ann. § 40-36-106(e)(4) The trial court did not have to wait until Appellant was tried for the aggravated robbery charge before revoking community corrections.

The decision to revoke community corrections is entrusted to the sound discretion of the trial court who may revoke a defendant's placement in such a program if a violation of the terms and conditions thereof is established by a preponderance of the evidence. State v. Harkin, 811 S.W.2d 79, 82 (Tenn.

1991). There is no requirement that the trial judge wait for a criminal conviction to occur when a violation is brought to his or her attention and is established by a preponderance of evidence.

The testimony of Juanita Stewart, that Appellant was the robber she saw and the testimony of Appellant's community corrections officer, that Appellant violated the terms of his placement in community corrections provide ample basis to revoke Appellant's community corrections placement.

Pursuant to Court of Criminal Appeals Rule 20 the judgment of the trial court is affirmed for the above stated reasons.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE